UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARCOS PEREZ,                )
                             )
        Plaintiff,            )
                             )
    v.                       )       Case No. 03-1386
                             )
STATE OF ILLINOIS,           )
                             )
        Defendant.            )

**O R D E R**

Before the Court is Defendant's Motion for Summary Judgment [Doc. # 18]. For the reasons that follow the motion will be granted.

**I.   BACKGROUND**

The record reveals the following undisputed facts. Plaintiff, a Hispanic-American, has been employed by the Illinois Department of Corrections ("IDOC") since January 19, 1988 at the Hill Correctional Center ("HCC"). (Memorandum of Law in Support of Defendant's Motion for Summary Judgment, Doc. # 19 at ¶ II(1)[hereinafter Def.'s Mem.].) In December 1998, Plaintiff was promoted to the position of Correctional Captain. (Id. at ¶ II(4).) Effective August 1, 2003, IDOC eliminated the position of Correctional Captain. (Id. at ¶ II(6).) In lieu of layoff, Plaintiff was offered the position of Correctional Officer, which he accepted. (Id. at ¶ II(7).) Plaintiff worked as a Correctional Officer from August 1, 2003 until March 16, 2004 when he was promoted to the position of Dietary Manager. (Id. at ¶ II(8).) On February 16, 2005, Warden Don Hulick, Assistant Warden of Operations at HCC, approved Plaintiff's transfer to the position of

Shift Commander/Major.  (Id. at ¶¶ II(10-11).)

As relevant, in March 2002, Plaintiff was referred for discipline for violating administrative rules by allegedly sexually harassing a female subordinate. (Id. at ¶ II(14).) IDOC's Office of Affirmative Action investigated the charges and found them to be substantiated. (Id. at ¶ II(15) & Ex. Q.) On March 26, 2002, an administrative hearing was held to address the charges. (Id. at ¶ II(16).) Hearing Officer Frank Shaw found Perez guilty of the administrative rules violations and recommended Perez receive a 30-day suspension pending discharge. (Id. at ¶¶ II(17, 21).) In April 2002, HCC Warden Mark A. Pierson concurred with the hearing officer's recommendation and Plaintiff was placed on suspension pending discharge. (Id. at ¶¶ II(22, 25).) Plaintiff was discharged on May 3, 2002. (Id. at ¶ II(26).)

Plaintiff appealed his discharge to the Civil Service Commission. (Id. at ¶ II(27).) The Administrative Law Judge ("ALJ") found that while IDOC had proved by a preponderance of the evidence "that significant contact and comments did, in fact, occur between [Plaintiff and the female subordinate]" which violated IDOC rules of conduct, IDOC could not prove the charge of sexual harassment against Plaintiff. (Id. at ¶¶ 28-30.) Accordingly, the ALJ recommended that Plaintiff be suspended for 30 days in addition to the period of suspension he had already served and that he thereafter be reinstated. In February 2003, after serving his suspension, Plaintiff was reinstated to his position of Captain. (Id. at ¶ II(32).)

In his Complaint, Plaintiff alleges that he was treated more

2

harshly than similarly situated non-Hispanic-American employees when he was discharge in May 2002 for alleged sexual harassment (Count I), that Defendant discriminated against him based on his national origin when they failed to place him in a managerial position instead of a Correctional Officer position after his Captain position was eliminated (Count II), and that Defendant retaliated against him for successfully defending himself against the sexual harassment charges by not promoting him to a managerial position after his Captain position was eliminated (Count III).

## II.  LEGAL STANDARD

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets it burden, the non-moving party then has the burden of presenting specific facts to show that there is

a genuine issue of material fact.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324.  Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]."  Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989).  Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

### III. COUNT I

Title VII makes it an unlawful employment practice for an employer to discriminate against an individual with respect to the terms or conditions of the employees' employment on the basis of his national origin. 42 U.S.C. § 2000e-2(a)(1).  In the instant action, Plaintiff has not offered any direct evidence of Defendant's illegal motive.  Thus, the Court must analyze Plaintiff's claims under the familiar three-step model of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). First, Plaintiff must establish a *prima facie* case of intentional discrimination.  In order to establish a *prima facie* case of employment discrimination, Plaintiff must prove he was: "(1) in a protected class; (2) performing [his] job satisfactorily; (3) the subject of a materially adverse employment action; and (4) others outside of the protected class were treated more favorably."  Gonzalez v.

4

Ingersoll Milling Machine Co., 133 F.3d 1025, 1031 (7th Cir. 1998).

Once Plaintiff establishes a *prima facie* case, it creates a rebuttable presumption of discrimination, and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its allegedly biased employment decision. Johnson v. City of Fort Wayne, 91 F.3d 922, 931 (7th Cir. 1996). Once the defendant produces a legitimate reason, the plaintiff bears the burden of showing that the defendant's proffered reason is pretextual and that the employer's actual reason was discriminatory. See id.

With regard to Plaintiff's discriminatory discharge claim, Defendant argues, among other things, that Plaintiff has failed to show that any similarly situated employee was treated differently. In particular, Defendant argues that the individuals identified by Plaintiff as receiving more favorable treatment were not similarly situated. The Court agrees.

"Where a plaintiff claims that he was disciplined by his employer more harshly than a similarly situated employee based on some prohibited reason, a plaintiff must show that he is similarly situated with respect to performance, qualifications and conduct." See Snipes v. Illinois Dept. of Corrections, 291 F.3d 460, 463 (7th Cir. 2002) (citations omitted). In meeting this burden a plaintiff normally must show that the other employee dealt with the same supervisor, was subject to the same standards, and engaged in similar conduct without differentiating or mitigating circumstances that would distinguish the other employees conduct or the employer's treatment of him. Id.

5

Plaintiff argues that Captain Joseph Small, Lieutenant Bradley Livingston, and Sergeant Rod Lytle where similarly situated non-Hispanic-Americans who were treated more favorably than he was for similar violations. Captain Small worked at the East Moline Correctional Center. As such he is not similarly situated because he worked in a different facility. Plaintiff makes much of the facts that Frank Shaw represented management during Captain Small's disciplinary hearing during which Captain Small only received a seven day suspension, and that Frank Shaw recommended discharging Plaintiff. The Court disagrees that these facts are of any significance. Shaw was operating in a totally different capacity during Captain Small's disciplinary hearing--he was not the decision maker as he was in Plaintiff's hearing. Accordingly, the Court finds that no reasonable jury could find that Captain Small was similarly situated to Plaintiff.

Sergeant Rob Lytle was accused of forcing a female subordinate to touch his penis in May 2000. Lytle initially received a 5-day suspension but ultimately he was not suspended. The Court finds that Lytle was not similarly situated to Plaintiff. First, the hearing officer for Lytle's disciplinary hearing was different from Plaintiff's hearing officer. Further, the claim that Lytle forced a female subordinate to touch his penis was not substantiated during IDOC's internal investigation. See Reply Brief in Support of Defendant's Motion for Summary Judgment, Doc. # 28 at Ex. FF. Also, Lytle was a Sergeant and as such he did not have the authority to discipline correctional officers as Plaintiff did as a captain. See Def.'s Mem Ex. C at 83. Accordingly, the Court

6

finds no reasonable jury could find that Lytle and Plaintiff were similarly situated.  Cf. Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002) (finding plaintiff was not comparable to another employee where employee was subordinate to other employee and employees were evaluated by different supervisors and had different qualifications and experience); Radue v. Kimberly Clark, 219 F.3d 612, 618 (7th Cir. 2000) (different employment decisions, concerning different employees, made by different supervisors, are seldom sufficiently comparable to establish a prima facie case of discrimination for the simple reason that different supervisors may exercise their discretion differently); Snipes, 291 F.3d at 463 (district court's conclusion that the lack of commonality in supervisors among correctional officers disciplined for attendance violations precluded inference of discrimination was not unreasonable).

Finally, Plaintiff asserts that Lieutenant Bradley Livingston was a similarly situated employee.  However, Livingston was a lieutenant not a captain, and he was disciplined for a different offense--consensually kissing a subordinate employee not sexual harassment.  Accordingly the Court finds that no reasonable jury could find that Livingston was similarly situated.  See id.

In conclusion, the Court finds that as to Plaintiff's claim based on his May 2002 discharge, Plaintiff has failed to show others outside of his protected class were treated more favorably. Consequently, Defendant is entitled to summary judgment on this claim.

7

## IV. COUNT II

The only argument Plaintiff pursues as to Count II is that he should have been promoted to a Shift Commander/Major position in July 2003. In June 2003, 12 individuals applied for 3 available positions of Shift Commander/Major at HCC. (Def.'s Mem. at ¶ II(43).) Frank Shaw and Bill Smith interviewed the applicants and gave each individual a score using a standardize form. (Id. at ¶¶ II(44).) The three highest ranking candidates received the promotion. (Id. at ¶¶ II(45).) Plaintiff was ranked last out of the twelve candidates. (Id. at ¶¶ II(49).)

Plaintiff argues the interview process "was so rifle with bias and purely absurd subjectivity to make any ranking of [Plantiff] meaningless." Specifically, Plaintiff argues that interviewer Frank Shaw was biased against him and that interviewer Bill Smith was not qualified to conduct the interviews.

Although an employer using subjective criteria may leave itself more vulnerable to a finding of discrimination if a plaintiff can point to some objective evidence indicating that subjective evaluation is a mask for discrimination, Title VII does not ban the use of subjective evaluation criteria. Sattar v. Motorola, Inc., 138 F.3d 1164, 1170 (7th Cir. 1998). Thus, "[a]bsent evidence that subjective hiring criteria were used as a mask for discrimination, the fact that an employer based a hiring or promotion decision on purely subjective criteria will rarely, if ever, prove pretext under Title VII...." Denney v. City of Albany, 247 F.3d 1172, 1185 (11th Cir. 2001).

Even assuming that Plaintiff's ranking was solely based on

subjective criteria, the Court finds Plaintiff has failed to show that the promotion decision was a mask for discrimination. At the most, Plaintiff has shown that Frank Shaw had a personal bias against him and that Bill Smith's ratings were not accurate. However, there are no facts to suggest Shaw's bias or Smith's inaccuracies were motivated by Plaintiff's national origin. Accordingly, neither of these facts would support a finding of discrimination.

Plaintiff also challenges the qualifications of the individuals selected for promotion. In particular, he notes that the highest ranked applicant gave the same wrong answer as he did to one of the interview questions, that one of the candidates had less education than he did, and that he was the only applicant certified as a Public Service Administrator.[1]  "[W]here an employer's proffered non-discriminatory reason for its employment decision is that it selected the most qualified candidate, evidence of the applicants' competing qualifications does not constitute

---

[1] Plaintiff also makes much of the facts that IDOC has an affirmative action plan and that his national origin was not considered in the selection process even though Hispanic-Americans were under-represented in his region. However, the mere existence of an affirmative action is insufficient to prove that an employer actually intentionally discriminated against an employee. To establish discrimination an employee must establish a link between the affirmative action policy and the actions toward him. Whalen v. Rubin, 91 F.3d 1041, 1045 (7th Cir. 1996). The only thing Plaintiff asserts Defendant failed to do to comply with its affirmative action plan was provide a written justification for why Plaintiff was not selected. But Plaintiff has not submitted any facts to suggest Defendant's failure to provide this justification was in anyway related to his being denied the promotion. Accordingly, the Court finds the existence of an affirmative action plan is not relevant to the decision in this case.

evidence of pretext unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue." <u>Millbrook v. IBP, Inc.</u>, 280 F.3d 1169, 1174 (7th Cir. 2002)(quotations omitted). In this case Defendant asserts its nondiscriminatory reason for not promoting Plaintiff was that he had the lowest score of the 12 applicants. Although Plaintiff has submitted facts that show he had more education than one of the candidates, he has failed to show that the differences between his overall qualifications and those of the chosen individuals were so favorable as to demonstrate that he was clearly the more qualified candidate.  Consequently, the Court finds that no reasonable jury could find that Defendant's proffered reason for not promoting Plaintiff was pretextual. Thus, the Court will grant summary judgment in favor of Defendant on Count II of the Complaint.

## V.    COUNT III

Defendant argues that Plaintiff's retaliation claim fails because he can not show he engaged in protected activity or make out a prima facie case of retaliation. Plaintiff has not addressed these arguments in his response. Accordingly, the Court finds Plaintiff has waived argument as to these claims, <u>Reidt v. County of Trempealeau</u>, 975 F.2d 1336, 1341 (7th Cir. 1992)(plaintiff who failed to develop a claim in the district court waived it); <u>Chambers v. Am. Trans Air, Inc.</u>, 17 F.3d 998, 1005 (7th Cir. 1994)(undeveloped arguments are waived); and grants summary judgment in favor of Defendant on this claim.

10

**VI.  CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. # 18] is GRANTED.

CASE TERMINATED.

Entered this __22nd__ day of November, 2005.

_____s/ Joe B. McDade_____
JOE BILLY McDADE
United States District Judge
